UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:18-CR-43

v.                                          Hon. Janet T. Neff

ISAIAH RAYMOND EDDIE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

       Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on May 24, 2018, after receiving the written consent of the defendant, the defendant's attorney, and the attorney for the government.  These consents were also placed on the record in open court.

       Defendant Isaiah Raymond Eddie is charged in Counts 1, 2 and 3 of a multi-count Indictment with distribution of methamphetamine.  On the basis of the record made at the hearing, I found that defendant was competent to enter pleas of guilty and that the pleas were knowledgeable and voluntary with a full understanding of each of the rights waived by the defendant, that the defendant fully understood the nature of the charges and the consequences of the pleas, and that the defendant's pleas had a sufficient basis in fact which contained all of the elements of the offenses charged.

       There was no written plea agreement in this case.

I accepted the pleas of guilty, subject to final acceptance of the pleas by the District Judge.   I ordered the preparation of a presentence investigation report.

### Recommendation

Based upon the foregoing, I respectfully recommend that the defendant's pleas of guilty to Counts 1, 2 and 3 of the Indictment be accepted, that the court adjudicate the defendant guilty of those charges, and that the written plea agreement be accepted at, or before, the time of sentencing.


Dated:  May 24, 2018                                         /s/ Ray Kent
                                                             United States Magistrate Judge


### NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing.  *See* W.D. Mich. LCrR 11.1(b).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v. Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert. denied,* 522 U.S. 1030 (1997); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).